IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHAE PEEPLES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 14-00858-MDH |
| CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security, | ) ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Social Security Disability Insurance Benefits. An administrative Law Judge denied Plaintiff's claims and the Appeals Counsel subsequently denied Plaintiff's request for review of the ALJ's determination. Therefore, Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. The Court reviews the Commissioner's final decision pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g).

### Standard of Review

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), citing, *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal

of the Commissioner's decision." *Id.,* citing, *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004); and *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.,* citing, *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (internal citations omitted). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006)*.*

## Analysis

Plaintiff argues the ALJ erred by failing to provide an RFC supported by substantial evidence in the record. Specifically, Plaintiff argues the ALJ failed to properly weigh the opinions of record; failed to explain Dr. Hopkins' limitations in the RFC; and erred in evaluating Plaintiff's credibility.

First, the Court has thoroughly reviewed the administrative record before the Court, including the medical records, hearing testimony, and the ALJ's opinion. The Court finds that the ALJ's determination is supported by substantial evidence in the record as a whole and was within the available "zone of choice." The ALJ provided a lengthy analysis of the medical opinion evidence and properly addressed Plaintiff's limitations in light of the medical records,

work history and hearing testimony.  The Court gives great deference to the ALJ's determination as it falls within an acceptable "zone of choice" of the finder of fact.

Second, the Court will not disturb the ALJ's credibility determination.  In finding Plaintiff's allegations not completely credible, the ALJ considered such things as Plaintiff's reported limitations, the objective medical evidence and medical opinions, Plaintiff's daily activities, and Plaintiff's work history.  The Court finds the ALJ recognized the appropriate analytic framework, considered the appropriate factors, and gave good reasons for discrediting the claimant's testimony.  See generally *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered.").  Accordingly, the Court will defer to the ALJ's judgment.  See *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) ("Questions of credibility are for the ALJ in the first instance" and "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment.").

## Conclusion

For the reasons set forth herein, the Court finds there is substantial evidence on the record as a whole to support the ALJ's determination.  Accordingly, the Commissioner's decision denying benefits is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED:      March 3, 2016

                                           */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**